**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Enrique Jesus ESPINOZA–LEON,**
**Defendant–Appellant.**

**No. 88–5632.**

United States Court of Appeals,
Fourth Circuit.

Argued March 10, 1989.

Decided May 2, 1989.

---

Charles Kenneth Moss, Leesburg, Va., for defendant-appellant.

Bonnie S. Greenberg, Sp. Asst. U.S. Atty. (Henry E. Hudson, U.S. Atty., Alexandria, Va., on brief), for plaintiff-appellee.

Before RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and HARVEY, Chief United States District Court for the District of Maryland, sitting by designation.

ALEXANDER HARVEY II, Chief Judge:

Enrique Espinoza–Leon challenges his conviction by a jury in the Eastern District of Virginia on charges of being an alien unlawfully found in the United States after having been previously arrested and deported, in violation of 8 U.S.C. § 1326. He appeals contending that the evidence was insufficient to sustain his conviction, that the district court erred in its rulings on evidentiary and other matters and in its jury instructions, and that the federal Sentencing Guidelines, under which sentence was imposed, are unconstitutional. We reject these claims and affirm the conviction.

I

Defendant first entered the United States in 1966 on a limited tourist visa. On November 10, 1969, defendant was arrested and deported for staying in the country for a longer time than permitted. At that time, defendant was instructed that he could not re-enter the United States unless and until he had obtained the express permission of the Attorney General to do so.

Some three years later, defendant returned as an immigrant. From 1973 until he was arrested in 1982 on a narcotics charge, defendant remained in the United States without reporting to immigration officials that he had been previously deported and without having obtained permission from the Attorney General to re-enter the country. In June of 1982, defendant was convicted of distributing drugs and sentenced to 8 years in prison with 4 years being suspended during which time he was to remain on probation. He served the jail portion of this sentence, but thereafter violated his probation and was deported for a second time on October 18, 1985. Again, defendant was instructed that he could not re-enter the country without having first received the express permission of the Attorney General.

Although no such permission had been received, defendant crossed the California border less than two months later, on December 7, 1985. Defendant remained in the country without incident until July of 1987, when he was arrested and convicted in Fairfax, Virginia for having made a false statement on a passport application. Pursuant to that conviction, defendant was incarcerated in the Fairfax County Jail.

While in custody serving this prison term, defendant was interviewed in the County Jail on April 2, 1988 by Michael Michelin, a Special Agent of the Immigration and Naturalization Service (INS).[1] Special Agent Michelin had been assigned to investigate whether defendant was an illegal alien, inasmuch as records of the INS did not indicate that defendant had ever filed an application seeking permission to re-enter the country.

When the INS investigation indicated that Espinoza–Leon had illegally entered the country, the matter was presented to a grand jury in the Eastern District of Virginia, and a one-count indictment was returned on May 2, 1988. On May 3, 1988, one day after he was indicted and one month after he was found to be in the United States, defendant applied for amnesty under the Immigration Reform Act of 1986, 8 U.S.C. § 1255a. A trial date of June 14, 1988 was set. Thereafter, the district court denied defendant's motion to postpone the trial until after a determination of his application for amnesty had taken place. The case then proceeded to trial, and Espinoza–Leon was convicted by a jury on June 14, 1988. He was later sentenced to a term of imprisonment of twelve months, with credit for time served. This appeal followed.

II

Defendant argues that the evidence adduced at trial was insufficient to sustain his conviction. In addressing such a challenge, we must determine whether, viewed in the light most favorable to the government, there is substantial evidence

---

1. Defendant's motion to suppress the statements he made at that time was granted by the trial judge.

to support the guilty verdict. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Samad,* 754 F.2d 1091, 1096 (4th Cir.1984) (citing *Glasser*). Applying this standard to the facts of record here, we conclude that there was indeed sufficient evidence presented at the trial from which a reasonable jury could find defendant guilty beyond a reasonable doubt.

To obtain a conviction under 8 U.S.C. § 1326, the prosecution must prove (1) that the defendant is an alien who was previously arrested and deported, (2) that he re-entered the United States voluntarily, and (3) that he failed to secure the express permission of the Attorney General to return.

At trial, the government introduced uncontroverted evidence of two prior occasions, in 1969 and again in 1985, when defendant had been arrested and deported. Moreover, it is not disputed that, after each such deportation, defendant voluntarily re-entered the country without even seeking, let alone receiving, permission from the Attorney General to return. Each of the elements required for a conviction under § 1326 was therefore proven beyond a reasonable doubt.

Defendant argues that the trial court erred in denying his motions for judgment of acquittal, for a new trial, and for arrest of judgment because the government failed to prove that he acted with the requisite intent necessary for a conviction under the statute. Defendant relies on the Seventh Circuit's decision in *United States v. Anton,* 683 F.2d 1011 (7th Cir.1982). In *Anton,* the Court held that a violation of § 1326 requires a showing that the accused acted with specific intent to re-enter the United States unlawfully. The Seventh Circuit accordingly concluded that the statute permits the raising of a limited mistake of law defense, provided that the mistake is objectively reasonable. *Id.* at 1014–17. Defendant here argues that he mistakenly, but reasonably, believed that he was qualified to return to the United States pursuant to the Immigration Reform Act of 1986. As such, he contends that he did not possess the specific intent required to violate § 1326 and that the conviction cannot stand.

The holding in *Anton,* however, stands alone in contrast to the decisions of every other circuit which has considered the level of intent necessary for a conviction under § 1326. Following the lead of the Ninth Circuit in *United States v. Pena–Cabanillas,* 394 F.2d 785 (9th Cir.1968), a number of other circuits have concluded that under § 1326 the government need demonstrate only that the defendant acted willfully and knowingly in re-entering the United States. *See United States v. Miranda–Enriquez,* 842 F.2d 1211, 1212 (10th Cir.1988); *United States v. Hussein,* 675 F.2d 114 (6th Cir. 1982); *United States v. Newton,* 677 F.2d 16, 17 (2d Cir.1982); *United States v. Wong Kim Bo,* 472 F.2d 720, 722 (5th Cir. 1972).

We agree with the majority of the circuits which have considered the issue and held that only general intent must be proven by the government in order to secure a conviction under § 1326. Congress did not include in the statute any language indicating that specific intent is necessary for a conviction. Furthermore, several other provisions of the same statute prohibit "willful" or "knowing" actions. *See Pena–Cabanillas, supra* at 789–90, n. 4. Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acted intentionally and purposely in excluding the particular language. *See Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983), citing *United States v. Wong Kim Bo,* 472 F.2d 720, 722 (5th Cir.1972); *see also, United States v. Wooten,* 688 F.2d 941, 949–50 (4th Cir.1982).

■ Accordingly, we conclude that a conviction under § 1326 requires proof merely of a voluntary act by defendant. Inasmuch as the government proved such general intent, defendant's motions were properly denied.[2]

2. Even were we to follow *Anton,* the conviction would still stand. Defendant's alleged belief

## III

■ Defendant also challenges the application of and the constitutionality of the federal Sentencing Guidelines under which he received a one-year prison term. Specifically, defendant claims that the creation of the Sentencing Commission by the Sentencing Reform Act of 1984 and the promulgation by the Commission of Guidelines violates the constitutional principle of separation of powers.

This challenge must likewise fail. The Supreme Court has recently decided this issue adversely to defendant's position. *United States v. Mistretta*, — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).[3] Since defendant was unlawfully found in the country on April 2, 1988, the Sentencing Guidelines, which are applicable to all offenses committed on or after November 1, 1987, were properly applied in this case. Accordingly, the sentence imposed by the trial court was appropriate.

## IV

Various other grounds are pressed by defendant in this appeal. Defendant has challenged several evidentiary and other rulings made during the course of the trial, and he also contends that the trial court erred in its instructions to the jury. We have reviewed the record here, and we find no merit to these additional contentions advanced by defendant.

Because we perceive no error, we affirm the judgment of conviction and the sentence imposed.

AFFIRMED.

---

that he was qualified under the Immigration Reform Act of 1986 to re-enter the country was not under the circumstances here objectively reasonable. Prior to returning to the United States, defendant had no contact with the Justice Department or with an attorney. Moreover, the 1986 Act on its face does not apply to defendant since he has not continuously resided in the United States unlawfully since 1982. *See* 8 U.S.C. § 1255(a)(2)(A). Appellant's erroneous legal conclusion thus could not form the basis of an objectively reasonable belief.

3. Defendant does not challenge the Guidelines on due process grounds.