**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

FRANCISCO DE LA PAZ-SANDOVAL,

No. 96-4326

a/k/a Alex Sandoval-Benitez, a/k/a
Roberto Cabasas, a/k/a Roberto
Pledra,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-95-57)

Submitted: February 27, 1997

Decided: March 13, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard A. Davis, Charlottesville, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Jean B. Hudson, Assistant United
States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Francisco De La Paz-Sandoval pled guilty to unlawfully re-entering the country after having been deported, in violation of 8 U.S.C. § 1326(a) (1994). The district court sentenced Appellant to serve eighty-four months imprisonment to be followed by immediate deportation and two years supervised release. He appeals his conviction and sentence. We affirm.

Appellant contends that the indictment charging him with violation of 8 U.S.C. § 1326(a), (b)(2) is fatally defective for failing to allege that he was arrested and deported prior to his unlawful re-entry into the United States. Counsel has also moved this court for leave to withdraw representation.

Appellant did not object to the sufficiency of the indictment prior to trial; therefore, we review this issue for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993). An appellate court will not notice an error raised for the first time on appeal unless (1) there is an error, (2) which is plain, (3) which affects the substantial rights of the defendant, and (4) which must be corrected to avoid a miscarriage of justice or damage to the "fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 736-37; see United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996).

A conviction under § 1326 requires the government to show "`(1) that the defendant is an alien who was previously arrested and deported, (2) that he re-entered the United States voluntarily, and (3) that he failed to secure the express permission of the Attorney General to return.'" United States v. Joya-Martinez, 947 F.2d 1141, 1143 (4th Cir. 1991) (citing United States v. Espinoza-Leon, 873 F.2d 743, 746 (4th Cir. 1989)). The indictment charging Appellant with violat-

2

ing § 1326 alleged that he had previously been convicted and deported prior to his illegal re-entry into the United States, but did not refer to an arrest. The evidence presented at Appellant's Fed. R. Crim. P. 11 hearing and contained in his pre-sentence report established his multiple arrests and convictions for various offenses.

A conviction pursuant to an indictment that omits an element of the offense cannot stand if the challenge is raised before the verdict. However, when the challenge is not raised until after the verdict, as it was here, every intendment is indulged in support of the indictment's sufficiency. See United States v. Vogt , 910 F.2d 1184, 1201 (4th Cir. 1990). Moreover, such an indictment will be held sufficient if it contains "`words of similar import.'" Vogt, 910 F.2d at 1201 (quoting Finn v. United States, 256 F.2d 304, 306 (4th Cir. 1958)). We find that the instant indictment meets this test. As they are used here, the words "convicted" and "arrested" are of similar import. Considering that an arrest is inherent in every conviction, the indictment imposed, and the evidence supported, a greater burden of proof than that required by the statute. Finding no error, we reject this belated challenge to the sufficiency of the indictment and affirm Appellant's conviction and sentence.

We deny counsel's motion for leave to withdraw his representation. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3