**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

MIGUEL HERNANDEZ-CRUZ, a/k/a
Miguel Hernandez Angel, a/k/a
Miguel Angel Cruz-Hernandez,
a/k/a Carlos Hernandez, a/k/a
Miguel Hernandez, a/k/a Carlos
Carsona, a/k/a Miguel Rios

Hernandez, a/k/a Miguel Hernandez
Morales, a/k/a Miguel Cortez, a/k/a
Juan Carlos Delacosta, a/k/a Cesario
Cortes, a/k/a Jose Rodriguez
Munoz, a/k/a Chico Dillas, a/k/a
Miguel Mirales, a/k/a Miguez Rios
Duartes, a/k/a Juan Carlos, a/k/a
Jose Mirales, a/k/a Chico Diaz,
a/k/a Polehe Rodriguez,
<u>Defendant-Appellant.</u>

No. 96-4338

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-95-466-A)

Argued: January 31, 1997

Decided: March 27, 1997

Before RUSSELL and WILKINS, Circuit Judges, and
HERLONG, United States District Judge for the District of
South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gregory Bruce English, ENGLISH & SMITH, Alexandria, Virginia, for Appellant. Brian Patrick Lennon, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Miguel Hernandez-Cruz appeals his conviction for reentering the United States without permission following deportation, see 8 U.S.C.A. § 1326(a) (West Supp. 1996), arguing that the district court erred in refusing to permit him to present a good faith defense and that his prosecution contravened the Due Process Clause of the Fifth Amendment. We affirm.

I.

The material facts are not in dispute. Hernandez-Cruz has been deported from the United States to El Salvador on three occasions, the most recent being December 12, 1989. In 1995, while in police custody in Arlington County, Virginia, Hernandez-Cruz was arrested by the United States Immigration and Naturalization Service (INS) and charged with illegal reentry.

2

At trial, Hernandez-Cruz intended to assert a "good faith" defense based on his erroneous belief that his mother had obtained permission for him to reenter the United States. After concluding its case, the Government moved to exclude this defense. The district court granted the motion, finding that Hernandez-Cruz was attempting to present a "mistake of law" defense and that such a defense is not cognizable in response to a charge of illegal reentry. As a result of the refusal of the district court to allow this defense, Hernandez-Cruz declined to present evidence, waived his right to a jury trial, and consented to a bench trial. The district court found Hernandez-Cruz guilty of violating 8 U.S.C.A. § 1326(a).

## II.

Hernandez-Cruz first contends that the district court erroneously excluded evidence that he believed in good faith that he had been granted permission to reenter the United States. [1] We disagree. Unlawful reentry following deportation is a general intent crime, requiring only that a deportee voluntarily reenter the United States. See United States v. Espinoza-Leon, 873 F.2d 743, 746 (4th Cir. 1989). Thus, the fact that Hernandez-Cruz may have reentered the United States under the mistaken belief that he was legally able to do so provides him no defense. See id. (rejecting alien's argument "that he mistakenly, but reasonably, believed that he was qualified to return to the United States").[2]

Next, Hernandez-Cruz contends that the Government misled him into believing that he could lawfully reenter the United States. The INS provided him with a copy of Form I-294 at the time of his deportation. This form provided the following in both Spanish and English:

---

[1] This belief was based on statements made to Hernandez-Cruz by his mother. She purportedly sent Hernandez-Cruz a government document and incorrectly advised him that the document represented his permission to reenter the United States.

[2] Hernandez-Cruz attempts to mitigate the operation of this principle by contending that the district court misconstrued his argument as a mistake-of-law defense when, in fact, he was asserting a mistake-of-fact defense. Regardless of the label applied to his argument, Hernandez-Cruz's misguided belief that he had permission to reenter this country is of no assistance.

3

> This is a warning. Please read carefully.
>
> It has been ordered that you be deported to El Salvador.
> . . .
>
> Should you wish to return to the United States you must write this office or the American Consular Office nearest your residence abroad as to how to obtain permission to return after deportation. By law (Title 8 of United States Code, Section 1326) any deported person who <u>within five years</u> returns without permission is guilty of a felony. If convicted he may be punished by imprisonment of not more than two years and/or a fine of not more than $1,000.00.

J.A. 105 (emphasis added). The Government does not dispute that the five-year period referenced in Form I-294 is not contained in 8 U.S.C.A. § 1326(a). Instead, the statute makes reentry following deportation illegal if an alien returns at any time without the express permission of the Attorney General. <u>See</u> 8 U.S.C.A. § 1326(a).

Hernandez-Cruz contends that his conviction offends due process because Form I-294 misled him into believing that his return to the United States was permissible if it occurred more than five years after his deportation. <u>See Raley v. Ohio</u>, 360 U.S. 423, 438 (1959) (holding that a person may not be convicted "for exercising a privilege which the State clearly had told him was available to him"). Hernandez-Cruz did not assert this argument during trial, raising it for the first time during sentencing. Accordingly, his argument fails unless the refusal of the district court to dismiss the indictment based on the language contained in Form I-294 constituted plain error. <u>See United States v. David</u>, 83 F.3d 638, 641 (4th Cir. 1996). We conclude that it did not. <u>See United States v. Aquino-Chacon</u>, No. 95-5980, slip op. at 6 (4th Cir. Mar. 19, 1997).

III.

After carefully reviewing the record and the briefs of counsel, we conclude that the remaining arguments advanced by Hernandez-Cruz are without merit. Thus, we affirm the decision of the district court.

<u>AFFIRMED</u>

4