**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4867

JAIME RAMIREZ-SALAZAR, a/k/a Jorge
Enrigne Ospina,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-97-220-A)

Submitted: May 11, 1999

Decided: June 4, 1999

Before WIDENER and ERVIN, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Gregory Edward Stambaugh, LAW OFFICES OF GREGORY E.
STAMBAUGH, Manassas, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Robert A. Spencer, Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jaime Ramirez-Salazar entered a conditional plea of guilty to a charge of unlawful entry into the United States after being deported subsequent to a felony conviction. See 8 U.S.C.A. § 1326(a), (b)(2) (West 1999). He reserved his right to appeal the district court's refusal to allow testimony concerning his reasons for reentering the United States and the district court's refusal to allow evidence that he was not properly advised on how to reenter the United States legally. On appeal, he also contends that the district court erred in refusing to depart downward from the guideline range based on Ramirez-Salazar's reasons for reentering the United States and his willingness to be deported, rather than incarcerated. Finding no error, we affirm Ramirez-Salazar's conviction.

This court has held that reentry after deportation is a general intent crime, a conviction for which only requires proof that the defendant voluntarily reentered the United States. See United States v. Espinoza-Leon, 873 F.2d 743, 746 (4th Cir. 1989). Therefore, evidence as to Ramirez-Salazar's reasons for reentering the United States is not relevant to whether he, in fact, reentered. See id.  We also find that Ramirez-Salazar's attempt to prove a justification defense under United States v. Crittendon, 883 F.2d 326, 330 (4th Cir. 1989), fails.

Section 1326(a) "clearly provides notice that unapproved reentry at any time following deportation is proscribed." United States v. Aquino-Chacon, 109 F.3d 936, 938 (4th Cir. 1997) (citing United States v. McCalla, 38 F.3d 675, 679 (3d Cir. 1994)), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3296 (U.S. Oct. 20, 1997) (No. 96-9470). Because the statute is clear and persons are presumed to know the law, see Cheek v. United States, 498 U.S. 192, 199 (1991), the lack of a form detailing how to reenter the United States lawfully is not relevant to the determination of whether Ramirez-Salazar violated § 1326(a).

2

The district court determined that, even if it had the authority to depart downward from the guideline range based on Ramirez-Salazar's reasons for reentering the United States and his willingness to be deported, it chose not to exercise that authority. Therefore, the district court's decision not to depart is not appealable. See United States v. Burgos, 94 F.3d 849, 876 (4th Cir. 1996) ("If a district court is cognizant of its authority to depart, but does not do so, such a refusal to depart downward from the guideline range is simply not appealable.").

In conclusion, we dismiss that portion of the appeal challenging the district court's decision not to depart from the guideline range and affirm Ramirez-Salazar's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART

3