**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4555

HUGO ROBLES-MENDIOLA,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
William L. Osteen, District Judge, sitting by designation.
(CR-98-73)

Argued: May 5, 2000

Decided: May 25, 2000

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Aaron Edmund Michael, Charlotte, North Carolina, for
Appellant. Brian Lee Whisler, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North
Carolina, for Appellee. **ON BRIEF:** Mark T. Calloway, United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Char-
lotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Defendant Hugo Robles-Mendiola, who was convicted of illegal reentry into the United States, appeals from the denial of his motion for acquittal or for a new trial, which was based on the district court's decision to exclude certain immigration documents from evidence at trial. Because we conclude that the district court did not err in excluding the evidence at issue, we affirm.

I.

Robles-Mendiola was deported following a 1991 conviction for assault with a deadly weapon, and he illegally returned to the United States the following year. He was arrested in 1998, and convicted, after a jury trial, of illegal reentry into the United States. Robles-Mendiola was sentenced to 70 months of imprisonment, after which he is to be surrendered to the Immigration and Naturalization Service ("INS") for deportation.

At trial, the district court excluded from evidence, as legally irrelevant, three immigration documents. After trial, the district court denied Robles-Mendiola's motion for acquittal or for a new trial, which was based on the decision to exclude the documents. Robles-Mendiola now appeals from the denial of that motion.

II.

Robles-Mendiola was convicted under 8 U.S.C. § 1326(a)(2)(A), which provides that a deported alien may not reenter or be found in the United States unless, prior to his reembarkation or reapplication for admission, "the Attorney General has expressly consented to such alien's reapplying for admission." In excluding the three documents at issue, the district court ruled that they were irrelevant to the ques-

2

tion whether the Attorney General had given the requisite express consent. Robles-Mendiola argues on appeal that this ruling was in error. We disagree.

The first document excluded was INS form I-130,"Petition for Alien Relative," J.A. 314-15, filed by Sabrina Robles, the appellant's spouse and a United States resident. The I-130 is used by residents of the United States to request priority in the visa application process for their relatives. The form does not constitute an application for admission, and bears no import absent such an application. And given that the I-130 at issue was completed by Ms. Robles, rather than by the Attorney General or her agent, the form certainly does not constitute the statutorily required express consent of the Attorney General to reapply for admission.

The second document excluded below was form I-212,"Application for Permission to Reapply for Admission Into the United States After Deportation or Removal," J.A. 308a-308b, the approval of which by the Attorney General would have constituted the statutorily required express consent. However, the Attorney General never acted on the I-212, and the form is thus not probative of the express consent required by section 1326.

The third document excluded was INS form I-797,"Notice of Action," J.A. 352-53. Although Robles-Mendiola urges that this form should be read as an approval of his application for permission to reapply for admission (I-212), it was actually an approval of the form I-130 filed by his wife. This is clear from four entries on the form itself (1) the notation that the "Immigrant Petition for Relative" was the subject of the Notice of Action, (2) the notation of Sabrina A. Robles, rather than the appellant, as the "petitioner," (3) the indication on the form that the INS "will contact the person for whom you are petitioning," and (4) the language in the form stating that "[a]pproval of an immigrant petition does not convey any right or status. The approved petition simply establishes a basis upon which the person you filed for can apply for an immigrant or fiance(e) visa or for adjustment of status." Thus, the I-797 does not constitute the requisite express consent of the Attorney General to reapply for admission to the United States.

3

Robles-Mendiola appears to suggest on appeal that, even if the documents at issue are not probative of the statutorily required express consent, they do tend to establish that he reasonably could have believed that the Attorney General had consented to his applying for reentry into the United States. However, we do not believe that the documents are probative of any such good-faith belief on the part of Robles-Mendiola. And, more importantly, section 1326 cannot be satisfied by a defendant's subjective belief that consent has been given, no matter how reasonable that belief may be. As is made clear by the text of the statute, and confirmed by Circuit precedent, the express consent of the Attorney General is required. See United States v. Espinoza-Leon, 873 F.2d 743, 746 (4th Cir. 1989).

The documents at issue here were relevant below only to the extent that they are probative of the express consent of the Attorney General for Robles-Mendiola to reapply for admission. Because the documents do not tend to support the existence of such express consent, their exclusion from evidence did not infect the trial with any error at all, let alone error that would warrant a new trial or acquittal. We therefore affirm the district court's denial of the motion for acquittal or for a new trial.

AFFIRMED

4