**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

    v.

ERICK ARMENDARIZ-BUSTAMANTE,
a/k/a Ricardo Ramirez, a/k/a Suavez
Castro, a/k/a Jorge Lopez-Trejo,
        *Defendant-Appellant.*

No. 01-4526

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-01-28)

Submitted: January 14, 2002

Decided: January 29, 2002

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John C. Kiyonaga, KIYONAGA & KIYONAGA, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, T.C. Spencer Pryor, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Erick Armendariz-Bustamante, a Mexican citizen, appeals his bench conviction under 8 U.S.C.A. §§ 1326(a), (b)(2) (West 1999) of illegal re-entry into the United States after being deported subsequent to a 1992 California felony conviction of sale or transportation of cocaine base. We affirm.

On May 19, 1995 and January 18, 1997, Armendariz-Bustamante, who was then using the false name Jorge Lopez-Trejo, was deported to Mexico following his felony conviction. Shortly thereafter, Armendariz-Bustamante applied to the United States Consulate in Mexico for a non-immigrant visa under the name Armendariz-Bustamante.* On February 21, 1997, the United States Consulate in Mexico City issued Armendariz-Bustamante a non-immigrant B1/B2 visa for temporary entry into the United States. He intentionally re-entered the United States and was found in Virginia in November 2000. Armendariz-Bustamante never filed an Application for Permission to Reapply for Admission into the United States after Deportation or Removal (Form I-212).

We find the visa issued by the United States Consulate to Armendariz-Bustamante did not constitute the requisite express authority of the Attorney General to re-enter the United States after having been previously deported. See 8 U.S.C.A. § 1326 (West 1999); *United States v. Trevino-Martinez*, 86 F.3d 65, 68 (5th Cir. 1996); *see also United States v. Espinoza-Leon*, 873 F.2d 743, 746 (4th Cir. 1989) (requiring express consent of Attorney General for re-entry). Additionally, Armendariz-Bustamante concedes he failed to

---

*Because the consulate destroys its records after two years, evidence as to the content and representations made in the application was unavailable.

file Form I-212, which would have constituted the statutorily required express consent.

We conclude the district court did not err in determining Armendariz-Bustamante failed to obtain the statutorily required express permission of the United States Attorney General to re-enter the United States. Consequently, we affirm Armendariz-Bustamante's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*