UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

CARLOS ALBERTO SUAZO-MARTINEZ,
　　　　　　*Defendant-Appellant.*

No. 01-4294

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-00-371-DKC)

Submitted: March 6, 2002

Decided: April 15, 2002

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James Wyda, Federal Public Defender, Beth M. Farber, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, James M. Trusty, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Carlos Alberto Suazo-Martinez was convicted of one count of illegal reentry after deportation in violation of 8 U.S.C.A. § 1326(a) (West 1999). Suazo-Martinez's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious issues for appeal, but raises one issue on his client's behalf. Suazo-Martinez has filed a pro se supplemental brief raising two additional issues.

Counsel contends that the district court erred in denying Suazo-Martinez's motion to dismiss the indictment based on a collateral attack of his underlying deportation order. In a § 1326(a) prosecution for illegal reentry after deportation, a defendant may collaterally attack a deportation order constituting an element of the offense if he can show that: (1) he was effectively deprived of his right to judicial review of the deportation order; (2) the deportation proceedings were fundamentally unfair; and (3) he has exhausted any administrative remedies that may have been available to seek relief against the deportation order. *See* 8 U.S.C.A. § 1326(d) (West 1999) (establishing the prerequisites for a collateral attack on an underlying deportation order in a prosecution under § 1326); *United States v. Mendoza-Lopez*, 481 U.S. 828, 839 (1987) (holding "that a collateral challenge to the use of a deportation proceeding as an element of a criminal offense must be permitted where the deportation proceeding effectively eliminates the right of the alien to obtain judicial review"). Suazo-Martinez has not established the prerequisites for a collateral attack on his deportation order. At the deportation proceeding before the immigration judge, he was advised of, and reserved, his right to appeal. He then filed a notice of appeal, but he failed to file a timely brief. Suazo-Martinez was therefore responsible for his failure to obtain judicial review of his removal order. Thus, the deportation proceeding against Suazo-Martinez did not deprive him of judicial review, and Suazo-Martinez has not exhausted his administrative remedies.

Moreover, any error on the part of the immigration judge in advising Suazo-Martinez of his ineligibility for § 212(c) relief, *see* former

8 U.S.C.A. § 1182(c), INA § 212(c) (1995), was "not the type of error that provides any basis for collateral attack on the judge's deportation order in a subsequent criminal prosecution under 8 U.S.C. § 1326." *United States v. Vieira-Candelario*, 6 F.3d 12, 15 (1st Cir. 1993). Accordingly, after examining the record and the district court's memorandum and order, we conclude that there was no basis for the collateral attack and that the motion to dismiss was properly denied.

Next, Suazo-Martinez argues that the Government did not meet the mens rea element of his offense of conviction because he did not and could not read the notice he signed informing him that he could not return to the United States after deportation and thought his reentry was approved when agents allowed him to enter Texas after examining his green card. This contention is meritless because the Government need, and did, demonstrate only that Suazo-Martinez acted willfully and knowingly in reentering the United States. *United States v. Espinoza-Leon*, 873 F.2d 743, 745 (4th Cir. 1989).

Finally, we reject Suazo-Martinez's contention that counsel was ineffective in failing to raise the mens rea claim because the record does not conclusively demonstrate ineffective assistance of counsel. *United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994).

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. Accordingly, we affirm Suazo-Martinez's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*