**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4802

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID MAGANA GARCIA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:07-cr-00017-FDW)

Submitted:  June 9, 2008          Decided:  August 5, 2008

Before NIEMEYER and TRAXLER, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Steven Slawinski, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Magana Garcia appeals his jury conviction and sixty-three month sentence for attempting to reenter the United States after being deported for committing an aggravated felony, in violation of 8 U.S.C. § 1326 (2000). Garcia claims the district court erred when it denied his requests to instruct the jury that attempted illegal reentry is a specific intent crime, and regarding the mistake of fact and entrapment-by-estoppel defenses. Garcia also asserts that the district court violated his constitutional rights when it enhanced his base offense level by sixteen pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A) (2006). Finding no error, we affirm.

To obtain a conviction under § 1326, the Government only had to establish that: (i) Garcia was an alien who was previously arrested and deported; (ii) he reentered or attempted to reenter the United States voluntarily; and (iii) he failed to secure the express permission of the Attorney General to return. See United States v. Espinoza-Leon, 873 F.2d 743, 746 (4th Cir. 1989); see also 8 U.S.C. § 1326(a) (2000) (making it unlawful for a deported alien to enter, attempt to enter, or at any time be found in the United States without prior approval from the Attorney General). In refusing to instruct the jury regarding Garcia's specific intent or lack thereof, the district court relied on this court's holding in Espinoza-Leon, where we explicitly held that "only general

- 2 -

intent must be proven by the government in order to secure a conviction under § 1326." 873 F.2d at 746. Accordingly, we find that Garcia was not entitled to specific intent or mistake of fact jury instructions.

Additionally, to establish the entrapment-by-estoppel defense, Garcia had to establish that: (i) the Government affirmatively assured him that his reentry into the United States was lawful; (ii) he engaged in conduct in reasonable reliance on the Government's assurances; and (iii) a criminal prosecution based on his reentry ensued. See United States v. Aquino-Chacon, 109 F.3d 936, 938-39 (4th Cir. 1997). To be able to assert the defense, however, a defendant has to show more than "vague or even contradictory" statements by the government; "he must demonstrate that there was 'active misleading' in the sense that the government actually told him that the proscribed conduct was permissible." Id. at 939 (internal citation omitted). Because we find that Garcia's evidence failed to establish he was entitled to assert the entrapment-by-estoppel defense, we conclude that he was not entitled to have the jury instructed regarding the defense.

Although Garcia also asserts that the district court violated his constitutional rights when it enhanced his Guidelines range pursuant to USSG § 2L1.2(b)(1)(A) based on prior convictions not found by a jury beyond a reasonable doubt, Garcia also acknowledges that this argument fails under controlling circuit

precedent.  See United States v. Thompson, 421 F.3d 278, 285-87 (4th Cir. 2005) (holding that where facts are inherent in the convictions themselves, "[n]o finding of fact by a jury is necessary"); see also United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir. 2005) (holding that prior convictions used as the basis for an armed career criminal sentence need not be charged in indictment or proven beyond a reasonable doubt).  Garcia does not otherwise argue that his sentence is unreasonable.

Based on the foregoing, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED