**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4317**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DONALD DAVE KHOURI,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:11-cr-00349-FL-1)

Submitted:  March 11, 2014          Decided:  March 26, 2014

Before WYNN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Dave Khouri was convicted of one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). On appeal, Khouri argues that the district court erred when it denied his Fed. R. Crim. P. 29 motion for acquittal, contending that the Government failed to demonstrate his reentry into the United States was voluntary. We affirm.

We review the denial of a Rule 29 motion de novo. United States v. Hickman, 626 F.3d 756, 762 (4th Cir. 2010). When a Rule 29 motion was based on a claim of insufficient evidence, the verdict must be sustained if "there is substantial evidence in the record, when viewed in the light most favorable to the government." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (alteration and internal quotation marks omitted).

To obtain a conviction under § 1326, the Government must establish that: (1) Khouri was an alien who had previously been arrested and deported; (2) he reentered the United States voluntarily; and (3) he failed to obtain the express permission of the Attorney General to do so. United States v. Espinoza-

Leon, 873 F.2d 743, 746 (4th Cir. 1989); see also 8 U.S.C. § 1326(a). Upon review of the record, we conclude that substantial evidence existed to show that Khouri's reentry was voluntary. A Department of Homeland Security agent testified that there was no evidence that Khouri legally reentered the country after being deported, that he had sought permission to reenter, or that he had been kidnapped or otherwise brought to the United States against his will. Khouri told another agent, after his arrest while driving from New York to Florida, that he had returned to the United States more than twenty years before he was discovered. See United States v. Guzman-Ocampo, 236 F.3d 233, 238 (5th Cir. 2000) (holding distance from a border supports inference that presence is voluntary); United States v. Quintana-Torres, 235 F.3d 1197, 1200 (9th Cir. 2000) (observing rational trier of fact could infer that alien's reentry was voluntary from extended time he remained in the country). We therefore find this evidence sufficient to support his conviction.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument will not aid the decisional process.

AFFIRMED

3