**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Miguel AQUINO–CHACON, a/k/a Miguel Chacon–Aquino, a/k/a Miguel Chacon–Jackson, a/k/a Miguel Angel Chacon–Fuentes, a/k/a Michael Chacon–Fuentes, a/k/a Miguel Chacone, a/k/a Miguel Chacon, a/k/a Michael Chacon, Defendant–Appellant.**

No. 95–5980.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 31, 1997.

Decided March 19, 1997.

Before RUSSELL and WILKINS, Circuit Judges, and HERLONG, United States District Judge for the District of South Carolina, sitting by designation.

Affirmed by published opinion. Judge WILKINS wrote the opinion, in which Judge RUSSELL and Judge HERLONG joined.

## OPINION

WILKINS, Circuit Judge:

Miguel Aquino–Chacon entered a conditional guilty plea to illegal reentry into the United States following deportation. *See* 8 U.S.C.A. § 1326(a) (West Supp.1996). He now appeals, contending that his prosecution violated the Due Process Clause of the Fifth Amendment because the government misled him into believing that he could lawfully reenter the United States. We affirm.

### I.

Aquino-Chacon was deported from the United States to El Salvador on December 30, 1987. At the time of his deportation, the United States Immigration and Naturalization Service (INS) provided Aquino–Chacon with a copy of Form I-294. This form provided the following in both Spanish and English:

> This is a warning. Please read carefully. It has been ordered that you be deported to El Salvador....
>
> Should you wish to return to the United States you must write this office or the American Consular Office nearest your residence abroad as to how to obtain permission to return after deportation. By law (Title 8 of United States Code, Section 1326) any deported person who *within five years* returns without permission is guilty of a felony. If convicted he may be punished by imprisonment of not more than two years and/or a fine of not more than $1,000.00.

J.A. 19 (emphasis added). It is undisputed that the five-year period referenced in Form I-294 is not contained in 8 U.S.C.A. § 1326(a). Instead, that statute makes reentry following deportation illegal if an alien returns at any time without the express permission of the Attorney General. *See* 8 U.S.C.A. § 1326(a).[1]

**ARGUED:** John Cady Kiyonaga, Kiyonaga & Kiyonaga, Alexandria, VA, for Appellant. Laura Haas Parsky, United States Department Of Justice, Washington, DC, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Jay Perlman, Special Assistant United States Attorney, Office Of The United States Attorney, Alexandria, VA, for Appellee.

1. The relevant portion of the statute reads as follows:

   [A]ny alien who—
   (1) has been arrested and deported or excluded and deported, and thereafter
   (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the At-

In May 1995, Aquino–Chacon was arrested by Fairfax County, Virginia police, who reported the arrest to the INS. After a review of INS files revealed that Aquino–Chacon had not obtained permission to reenter the United States from the Attorney General, he was indicted for unlawful reentry in violation of § 1326(a).

Aquino-Chacon subsequently moved to dismiss the indictment, asserting that the language contained in Form I–294 misled him into believing that he could lawfully reenter the United States without obtaining permission from the Attorney General provided he did so more than five years after his deportation. As a result, Aquino–Chacon contended, his indictment offended due process. The district court denied the motion to dismiss the indictment and ruled that Aquino–Chacon could not introduce any evidence relating to the "misleading nature" of Form I–294. *See United States v. Aquino–Chacon,* 905 F.Supp. 351, 355 (E.D.Va.1995). Aquino–Chacon then entered a conditional guilty plea, reserving the right to appeal the denial of his motion to dismiss the indictment. *See* Fed.R.Crim.P. 11(a)(2). Because the issue of whether the district court erred in refusing to dismiss the indictment turns on a question of law, our review is de novo. *See United States v. United Med. & Surgical Supply Corp.,* 989 F.2d 1390, 1398 (4th Cir.1993).

## II.

As an initial matter, we note that Aquino–Chacon does not assert—as he cannot—that he was not provided fair notice that reentry without permission at any time following deportation is illegal. Due process requires that a criminal statute "give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden" since "no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954). Significantly, it is the *statute* that must provide clear notice of the unlawful conduct. *See United States v.*

*Batchelder,* 442 U.S. 114, 123, 99 S.Ct. 2198, 2203–04, 60 L.Ed.2d 755 (1979). Without question, § 1326(a) clearly provides notice that unapproved reentry at any time following deportation is proscribed. *See United States v. McCalla,* 38 F.3d 675, 679 (3d Cir. 1994) (noting with respect to inaccurate language in Form I–294 concerning the applicable penalty that "[a]lthough the inaccuracy in Form I–294 was regrettable, perhaps inexcusable, due process requires that it is the *criminal statute* which must clearly set forth the activity which constitutes a crime"); *accord United States v. Samaniego–Rodriguez,* 32 F.3d 242, 244 (7th Cir.1994); *United States v. Perez–Torres,* 15 F.3d 403, 406 (5th Cir.1994). Accordingly, the notice provided by the statute is sufficient to satisfy the demands of due process. And, because "the law [was] definite and knowable," Aquino–Chacon was presumed to know the law. *Cheek v. United States,* 498 U.S. 192, 199, 111 S.Ct. 604, 609, 112 L.Ed.2d 617 (1991).

Instead of grounding his due process challenge on lack of fair notice, however, Aquino–Chacon relies on *Raley v. Ohio,* 360 U.S. 423, 79 S.Ct. 1257, 3 L.Ed.2d 1344 (1959), which established " 'a narrow exception to the general principle that ignorance of the law is no defense.' " *United States v. Etheridge,* 932 F.2d 318, 321 (4th Cir.1991) (quoting *United States v. Bruscantini,* 761 F.2d 640, 642 (11th Cir.1985)). *Raley* held that the government may not "convict[ ] a citizen for exercising a privilege which the State clearly had told him was available to him," for to do so "would be to sanction the most indefensible sort of entrapment." *Raley,* 360 U.S. at 438, 79 S.Ct. at 1266; *see also Cox v. Louisiana,* 379 U.S. 559, 570–71, 85 S.Ct. 476, 483–84, 13 L.Ed.2d 487 (1965). This principle, first recognized in *Raley,* has come to be known as entrapment by estoppel. *See United States v. Clark,* 986 F.2d 65, 69 (4th Cir.1993); *United States v. Howell,* 37 F.3d 1197, 1204 (7th Cir.1994). A criminal defendant may assert an entrapment-by-estoppel defense when the government affirmatively assures him that certain conduct is lawful, the defendant thereafter engages in the conduct in reasonable reliance on those assurances, and a criminal prosecution based

torney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance

consent under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.

8  U.S.C.A. § 1326(a).

upon the conduct ensues. *See Raley,* 360 U.S. at 438–39, 79 S.Ct. at 1266–67; *Clark,* 986 F.2d at 69; *Howell,* 37 F.3d at 1204.

Aquino-Chacon argues that Form I–294 invited the charged conduct by implying that it was permissible for him to return to the United States without the express approval of the Attorney General as long as he did so more than five years after his deportation. As a result, he contends, his prosecution for engaging in conduct that the government erroneously conveyed to him was lawful offends the Due Process Clause of the Fifth Amendment.[2] We disagree. In order to assert an entrapment-by-estoppel defense, Aquino–Chacon must do more than merely show that the government made "vague or even contradictory" statements. *Raley,* 360 U.S. at 438, 79 S.Ct. at 1266. Rather, he must demonstrate that there was "active misleading" in the sense that the government actually told him that the proscribed conduct was permissible. *Id.; see Cox,* 379 U.S. at 570–71, 85 S.Ct. at 483–84 (holding that the defendant's conviction for unlawful assembly offended the Due Process Clause when state authorities who instructed demonstrators to assemble in a particular location later prose-cuted the defendant on the basis that a demonstration in that location violated the law); *Clark,* 986 F.2d at 69 (making clear that entrapment by estoppel applies "when a government official tells the defendant that certain activity is legal"); *see also Howell,* 37 F.3d at 1204 (explaining that entrapment by estoppel applies "when, acting with actual or apparent authority, a government official affirmatively assures the defendant that certain conduct is legal"); *United States v. Trevino–Martinez,* 86 F.3d 65, 69 (5th Cir.1996) (same), *cert. denied,* —— U.S. ——, 117 S.Ct. 1109, 137 L.Ed.2d 310 (1997).

There was no active misleading here because Form I–294 did not affirmatively assure Aquino–Chacon that reentry without permission was lawful if it occurred more than five years after his deportation. Instead, the form unequivocally provided that Aquino–Chacon was required to obtain permission prior to reentry. The language contained in Form I–294 that reentry without permission within five years of deportation is a felony neither states nor implies that reentry without permission after five years is permissible. Accordingly, we conclude that Aquino–Chacon could not have established the affirmative defense of entrapment by estoppel.[3]

**2.** We have previously considered and rejected an alien's argument that the government was equitably estopped from imposing a sentence of more than two years based on an incorrect statement contained in Form I–294 of the potential prison term for illegal reentry following deportation. *See United States v. Agubata,* 60 F.3d 1081, 1083–84 (4th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 929, 133 L.Ed.2d 857 (1996). Likewise, every other circuit court of appeals that has addressed the issue has refused to disturb a sentence based on the inaccuracy of Form I–294 with respect to the possible penalty for violation of 8 U.S.C.A. § 1326(a). *See United States v. Smith,* 14 F.3d 662, 666 (1st Cir.1994); *United States v. Cruz–Flores,* 56 F.3d 461, 463–64 (2d Cir.1995); *United States v. McCalla,* 38 F.3d 675, 679 (3d Cir.1994); *United States v. Perez–Torres,* 15 F.3d 403, 406–07 (5th Cir.1994); *United States v. Samaniego–Rodriguez,* 32 F.3d 242, 244 (7th Cir.1994); *United States v. Sanchez–Montoya,* 30 F.3d 1168, 1169 (9th Cir.1994) (per curiam); *United States v. Meraz–Valeta,* 26 F.3d 992, 996 (10th Cir.1994); *United States v. Denis–Lamarchez,* 64 F.3d 597, 598 (11th Cir.1995) (per curiam), *cert. denied,* —— U.S. ——, 116 S.Ct. 799, 133 L.Ed.2d 746 (1996). Aquino–Chacon maintains that *Agubata* does not control here because he was misled as to what conduct constituted a crime—not merely what penalties he faced for committing the crime. *See Agubata,* 60 F.3d at 1083 (noting that the Form I–294 at issue provided "fair warning ... that unauthorized reentry was a felony"). We agree that Aquino–Chacon presents an issue distinct from the one presented in *Agubata.*

**3.** In rejecting Aquino–Chacon's argument that the indictment should be dismissed on due process grounds, the district court concluded that the record did not support a finding that Aquino–Chacon relied on Form I–294 and therefore precluded him from presenting an entrapment-by-estoppel defense by excluding evidence of "the misleading nature of the form." *Aquino–Chacon,* 905 F.Supp. at 355. Aquino–Chacon contends that there is nothing in the record to demonstrate conclusively that he did not rely on Form I–294 for assurance that his reentry was lawful. We generally disfavor the practice of disposing of affirmative defenses on the basis that there is no evidence to support the defense prior to the presentation of any evidence at trial. *See United States v. Osborne,* 935 F.2d 32, 38 (4th Cir.1991) ("We think that the pretrial resolution of alleged entrapment, intertwined as it is with the issue of intent, is seldom appropriate, and we do not want to be understood as putting our seal of approval upon this practice."). Nevertheless, because Form I–294 could not support a conclusion that the government affirmatively misled Aquino–Chacon, we affirm. *See id.*

### III.

For the foregoing reasons, we affirm Aquino–Chacon's conviction.

*AFFIRMED.*