**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4229

JOHNSON EDEKI, a/k/a Pius Ojo
Ahanmisi,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-95-456-AW)

Submitted: April 7, 1998

Decided: April 27, 1998

Before MURNAGHAN and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Dennis Murphy, Jr., Annapolis, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Steven M. Dettelbach, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Johnson Edeki, previously deported after commission of an aggravated felony, pled guilty to unauthorized reentry by a deported alien under 8 U.S.C.A. § 1326(b)(2) (West Supp. 1998) and received a forty-one month sentence. He appeals, alleging that the doctrine of equitable estoppel should prevent him from being sentenced to greater than two years imprisonment, due to an erroneous Immigration and Naturalization Service ("INS") form. For the reasons that follow, we affirm.

Edeki was deported to Nigeria on September 26, 1989, following his conviction for importing heroin into the United States. At the time of his deportation he was provided with INS Form I-294 which reads, in pertinent part:

> Should you wish to return to the United States you must write this office or the American Consular Office nearest your residence abroad as to how to obtain permission to return after deportation. By law (Title 8 of the United States Code, Section 1326) any deported person who within five years returns without permission is guilty of a felony. If convicted he may be punished by imprisonment of not more than two years and/or a fine of not more than $1,000.00.

(Joint appendix "J.A." at 8). The form was erroneous because in November 1988 Congress had amended § 1326 to increase the maximum penalty to fifteen years following the deportation of an alien convicted for an aggravated felony. See United States v. Agubata, 60 F.3d 1081, 1083 (4th Cir. 1995). The maximum penalty currently is twenty years. See 8 U.S.C.A. § 1326(b)(2).

Edeki at no time sought permission from the INS or other official means to legally reenter the country. Nonetheless, he was found in the

2

United States on or about September 14, 1995, under the name of Pius Ojo Ahanmisi. On appeal, Edeki alleges he relied upon the erroneous INS Form I-294 and waited five years to return to the United States and therefore, he argues, he should only be sentenced to two years of imprisonment.

This argument fails for several reasons. First, despite the fact that the district court provided Edeki an opportunity to prove that he reentered the United States after five years in reliance on the form, he failed to present evidence on this issue. Second, Edeki cannot claim he was not provided fair notice that reentry without permission at any time following deportation was illegal, as due process is satisfied if the "criminal statute `give[s] a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.'" United States v. Aquino-Chacon, 109 F.3d 936, 938 (4th Cir.) (quoting United States v. Harriss, 374 U.S. 612, 617 (1954)), cert. denied, ___ U.S. ___, 66 USLW 3296 (U.S. Oct. 20, 1997) (No. 96-9470). Section 1326 clearly makes reentry illegal at anytime and Form I-294 does not affirmatively state that after five years reentry may be made without permission. Finally, we have previously held in similar cases that the erroneous Form I-294, without more, does not excuse reentry into the United States after five years, see Aquino-Chacon, 109 F.3d at 938-39, or limit punishment for such reentry to two years. See Agubata, 60 F.3d at 1083. Edeki has failed to meet the high burden necessary to prevail on an estoppel theory against the government in this case, e.g. demonstrating "that there was `active misleading' in the sense that the government actually told him that the prescribed conduct was permissible." Aquino-Chacon, 109 F.3d at 939 (quoting Raley v. Ohio, 360 U.S. 423, 438 (1959)).

Accordingly we affirm Edeki's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3