**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4415

HERMAN FRANCIS RAY, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-98-353)

Submitted: October 8, 1999

Decided: October 25, 1999

Before WIDENER, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lionel S. Lofton, LOFTON & LOFTON, P.C., Charleston, South
Carolina, for Appellant. J. Rene Josey, United States Attorney, Brucie
Howe Hendricks, Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Herman F. Ray, Jr., appeals from the district court's order denying his motion to suppress and order denying him permission to assert the defense of entrapment by estoppel. Ray pled guilty to one count of possessing a firearm after having been convicted of a crime punishable by more than one year imprisonment, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 1976 & Supp. 1999), and reserved his right to appeal the denial of his pretrial motions. Finding no error, we affirm.

The first set of issues raised by Ray concern the sufficiency of the search warrant. Ray raises for the first time in his appeal the claim that statements made by Detective Register to the magistrate when seeking the search warrant were not shown to be given under oath and, therefore, cannot be a basis for finding probable cause to issue the warrant. "Issues raised for the first time on appeal generally will not be considered." Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (citations omitted). An exception to this general rule is made where "refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice." Id. Because Ray has not argued either exception and because we conclude the affidavit alone presents a substantial basis for the magistrate's finding of probable cause, we find no cause for this court to engage in a plain error analysis on this issue. Id.

Ray next alleged that the incorrect time of day stated in the affidavit and warrant rendered the search warrant deficient. A court's determination of "probable cause under the Fourth Amendment is an issue of law, and is thus reviewed de novo." United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996) (citing United States v. Miller, 925 F.2d 695, 698 (4th Cir. 1991)). It is well-established that "great deference is to be given a magistrate's assessment of the facts when making a determination of probable cause." United States v. Jones, 31 F.3d 1304, 1313 (4th Cir. 1994) (citations omitted).

The affidavit's rendition of the facts was in the past tense, indicating that the events had already occurred. Therefore, the fact that the

2

time was noted incorrectly did not render the affidavit deficient because there were other indications in the warrant that the events had already occurred and the magistrate could have correctly determined, from the affidavit alone, that she was authorizing a search based on events that had already occurred.

Ray next argues that the affidavit was deficient because it relied exclusively upon the statements of unnamed informants whose reliability had not been established by the affidavit. The affidavit clearly states, however, that neighbors gave written statements concerning gunshots and that those statements also contained allegations that Ray was intoxicated. Simply because the witnesses' names were not contained in the affidavit, then, does not make them informants, especially in light of the fact that they gave written statements and provided their names, addresses, and phone numbers to the police. Thus, Ray's argument that the affidavit was based on informants and, therefore, their "reliability" and "basis of knowledge" must be shown, as required by Illinois v. Gates, 462 U.S. 213, 233 (1983), is without merit.

Ray's final allegation of deficiency is that the affidavit failed to set forth what criminal offense the police were investigating. Detective Register alleged in the affidavit that Ray discharged a firearm inside and outside of the described residence. Further, the affidavit stated that Ray was "highly intoxicated." South Carolina law prohibits the use of a firearm while under the influence of alcohol. Thus, a criminal offense is clearly set forth in the affidavit.

Based on the foregoing, we find that the magistrate had a substantial basis for concluding probable cause existed and affirm the district court's denial of Ray's motion to suppress.

The second issue Ray asserts on appeal is that the court erred in rejecting his defense of entrapment by estoppel. [1]

---

[1] Ray initially filed a motion to dismiss on the basis of entrapment by estoppel. At the motions hearing, he moved for permission to assert the defense of entrapment by estoppel. On appeal, he simply alleged the court erred in "rejecting his defense" of entrapment by estoppel. Therefore, we address only the issue raised on appeal, which is whether the court erred in denying his motion to present the defense of entrapment by estoppel.

We review a district court's decision, made prior to trial, to refuse to allow a defendant to present an affirmative defense for abuse of discretion. United States v. Osbourne, 935 F.2d 32, 38-39 (4th Cir. 1991). "A criminal defendant may assert an entrapment-by-estoppel defense when the government affirmatively assures him that certain conduct is lawful, the defendant thereafter engages in the conduct in reasonable reliance on those assurances, and a criminal prosecution based upon the conduct ensues." United States v. Aquino-Chacon, 109 F.3d 936, 938 (4th Cir. 1997) (citations omitted). In order to assert this defense, the defendant must do more than establish the government made "vague or even contradictory" statements, rather, he must demonstrate "active misleading in the sense that the government actually told him that the prescribed conduct was permissible." Id. at 939 (citations omitted). Furthermore, "statements made by a person who is not a federal government official cannot establish the defense of entrapment by estoppel." United States v. Clark, 986 F.2d 65, 69 (4th Cir. 1993) (citations omitted).

We find Ray failed to meet two of the three elements of this defense and thus failed to present evidence sufficient to assert the defense of entrapment by estoppel. First, the federal government never assured Ray of anything because they were not involved in the case until after Ray was arrested in April 1998. The local police, likewise, never spoke to Ray about the firearm and, therefore, could not have assured him that it was legal for him, as a convicted felon, to possess a firearm. Second, because there were no assurances of permissible conduct from any law enforcement officer or government official, Ray could not have acted in reasonable reliance upon representations by government officials. Thus, although there was ultimately a criminal prosecution for the federal offense of unlawful possession of a firearm by a convicted felon, this fact alone is insufficient to permit assertions of the entrapment-by-estoppel defense. After a complete review of the record, we accordingly find there was no evidence presented that entitled Ray to assert the defense of entrapment by estoppel.[2]

_____

[2] We note that this Court generally disfavors disposing of affirmative defenses prior to presentation of evidence at trial. See Aquino, 109 F.3d 939, n.3. In this case, however, we find no error in the district court's pretrial resolution of this issue because the evidence clearly did not support an entrapment by estoppel defense. See Osbourne, 935 F.2d at 38.

4

For the foregoing reasons, we affirm the district court's order denying Ray's motion to assert the defense of entrapment by estoppel and the order denying his motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5