**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                 No. 99-4332

ROBERTO MORENO-BONILLA,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Williams, Jr., District Judge.
(CR-98-455-AW)

Submitted: November 23, 1999

Decided: December 28, 1999

Before WILKINS and NIEMEYER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Federal Public Defender, Daniel W. Stiller, Assistant
Federal Public Defender, Greenbelt, Maryland, for Appellant. Lynn
A. Battaglia, United States Attorney, David I. Salem, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Roberto A. Moreno-Bonilla appeals his jury conviction for reentry into the United States by a deported alien without the express consent of the Attorney General, in violation of 8 U.S.C.A. § 1326 (West 1999). He asserts that the trial court improperly excluded relevant evidence, improperly limited cross-examination of a Government witness, and improperly indicated an unwillingness to give a jury instruction. Finding no error, we affirm.

We find no abuse of discretion in the district court's ruling that the evidence presented at trial and the defense's proffered evidence did not meet the requirements of the entrapment-by-estoppel defense. See United States v. Wells, 163 F.3d 889, 895 (4th Cir. 1998). "A criminal defendant may assert an entrapment-by-estoppel defense when the government affirmatively assures him that certain conduct is lawful, the defendant thereafter engages in the conduct in reasonable reliance on those assurances, and a criminal prosecution based upon the conduct ensues." United States v. Aquino-Chacon , 109 F.3d 936, 938-39 (4th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3296 (U.S. Oct. 20, 1997) (No. 96-9470). Moreno-Bonilla failed to present evidence that a government official assured him that reentry of the United States without the express permission of the Attorney General was legal. Nor did the district court preclude him from introducing such evidence. Rather, the court correctly concluded that the defendant's proffer, even if credited, would not be legally sufficient to establish the entrapment-by-estoppel defense. Accordingly, the district court did not exclude evidence relevant to the defense on which Moreno-Bonilla sought to rely.

We also find that the district court did not abuse its discretion in prohibiting defense counsel from posing a hypothetical question to the Government's witness from the Immigration and Naturalization

2

Service. The question contained facts which were not in evidence, and the district court was free to limit cross-examination that could potentially confuse the jury. See United States v. Crockett, 813 F.2d 1310 (4th Cir. 1987).

Finally, because the defense presented insufficient evidence to assert the entrapment-by-estoppel defense, there was no evidentiary basis for an instruction on it. Accordingly, we find the district court did not abuse its discretion in indicating an unwillingness to instruct the jury on that affirmative defense based upon the evidence that had been presented in the trial. See United States v. Stotts, 113 F.3d 493 (4th Cir. 1997). The court indicated its ruling could change if, in presentation of the defense's case, evidence was presented to support the instruction. Moreno-Bonilla failed to present supporting evidence, however.

For the foregoing reasons, we therefore affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3