**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 00-4221

PATRICK ORLANDO DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-215)

Submitted: August 29, 2000

Decided: September 12, 2000

Before WILKINS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Arnold L.
Husser, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Patrick Orlando Davis appeals his conviction entered on his guilty plea to reentry of the United States by a deported alien felon in violation of 8 U.S.C. § 1326 (1994). Davis noted a timely appeal and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court erred in declining to depart downward based on the allegedly misleading language of the letter Davis received from the INS on his deportation. Cf. United States v. Aquino-Chacon, 109 F.3d 936, 939 (4th Cir. 1997). The time for filing a supplemental brief has passed and Davis has not responded, despite being informed of his right to do so. Finding that we lack the authority to review Davis's claim of error, and discovering no reversible error in our own review of the record before us, we dismiss this appeal.

Davis suggests that the district court erred in refusing to depart from the Sentencing Guidelines range in recognition of the allegedly misleading language contained in the letter from the INS warning him of the consequences of his reentry of the United States. A district court's decision not to depart from the sentencing guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that the court lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). The record establishes that the court fully considered Davis's contentions regarding the letter but nonetheless found that any confusion engendered by the letter did not warrant a departure from the Guidelines range. See Aquino-Chacon, 109 F.3d at 939. The court's decision is not subject to appellate review. As a result, the appeal must be dismissed.

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible

2

issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Davis's appeal is dismissed. Counsel's pending motion to withdraw is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3