**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                        No. 00-4290

TIMOTHY SCOTT WILLIAMS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Terrence W. Boyle, Chief District Judge.
(CR-98-11-BO)

Submitted: October 26, 2000

Decided: November 14, 2000

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

J. Douglas McCullough, STUBBS & PERDUE, P.A., Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Felice McConnell Corpening, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Timothy Scott Williams was charged in separate indictments with two counts of transmitting threats to injure in interstate commerce, *see* 18 U.S.C. § 875 (1994), and possession of a firearm after being convicted of a misdemeanor crime of domestic violence. *See* 18 U.S.C.A. § 922(g)(9) (West 2000). He pled guilty to transmitting threats to injure, went to trial on the firearms charge, and was convicted. The district court imposed concurrent sentences of sixty months for the threats convictions, and a 120-month sentence for the firearms conviction, making ninety-one months of the latter sentence consecutive so as to impose a sentence at the bottom of the guideline range of 151-188 months. Williams appeals his 151-month sentence. We affirm.

Williams contends on appeal that (1) the evidence was insufficient to support his conviction for the firearms charge; (2) the district court erred in considering a firearm that was returned to him by police in Nags Head, North Carolina, after they indicated they would investigate his right to possess it; (3) the district court erred in enhancing his offense level for possession of ten firearms, including three firearms in the possession of his business partner; and (4) resentencing is required under *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). Williams asserted a defense of entrapment by estoppel with respect to the § 922(g)(9) offense. *See United States v. Aquino-Chacon*, 109 F.3d 936, 938-39 (4th Cir. 1997) (defendant may raise defense of entrapment by estoppel "when the government affirmatively assures him that certain conduct is lawful, the defendant thereafter engages in the conduct in reasonable reliance on those assurances, and a criminal prosecution based on the conduct ensues," but the defendant "must show that there was 'active misleading' in the sense that the government actually told him that the proscribed conduct was permissible."). We find that Williams failed to produce any evidence of active mis-

leading on the part of a federal official. Consequently, the district court did not err in denying his motion for acquittal. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998) (setting out standard of review), *cert. denied*, 525 U.S. 1141 (1999).

We find that the district court did not err in considering Williams' possession of a Colt AR-15 semi-automatic rifle (the gun that was returned to him by the police) in determining his base offense level under *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(1) (1998). We also find that the district court did not clearly err in finding that Williams had constructive possession of three firearms that belonged to him but were in the possession of his business partner at the time Williams was arrested. Because Williams was in possession of another seven firearms, the court correctly added two levels under § 2K2.1(b)(1)(C) for an offense involving eight to twelve firearms.

Finally, we find that the Supreme Court's decision in *Apprendi* does not affect this case. Williams' guideline range was 151-188 months. The statutory maximum sentence for possessing a firearm after being convicted of a misdemeanor crime of domestic violence is ten years. *See* 18 U.S.C.A. §§ 922(g)(9), 924(a)(2). Williams received the maximum sentence of 120 months for the § 922(g)(9) conviction. The statutory maximum sentence for an offense of making threats to injury is sixty months. *See* 18 U.S.C. § 875(c). When the sentence on the count with the highest statutory maximum is less than the low point of the guideline range, the district court may impose a consecutive sentence on one or more of the counts "to the extent necessary to produce a combined sentence equal to the total punishment," i.e., within the guideline range. USSG § 5G1.2(d). The district court followed this procedure. No factor considered by the district court increased the statutory maximum for any of Williams' offenses.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*