**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4559**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

KUAI LI,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge.  (1:06-cr-00520-TSE)

Argued: May 13, 2008                    Decided:  June 6, 2008

Before KING, Circuit Judge, HAMILTON, Senior Circuit Judge, and
Henry F. FLOYD, United States District Judge for the District of
South Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Dale Warren Dover, Alexandria, Virginia, for Appellant.
David Brian Goodhand, OFFICE OF THE UNITED STATES ATTORNEY,
Alexandria, Virginia, for Appellee.  **ON BRIEF:** Chuck Rosenberg,
United States Attorney, Ronald L. Walutes, Jr., Assistant United
States Attorney, Kathy Hsu, Special Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Kuai Li of conspiracy to commit naturalization and passport fraud, 18 U.S.C. §§ 371, 1425(b), and 1542, and aiding and abetting the procurement of citizenship or naturalization unlawfully, id. §§ 1425(b) and 2. Li appeals his convictions and sentence. We affirm.

First, Li asserts that the district court erred when it took judicial notice of the guilty plea entered by the corrupt government official that assisted Li in fraudulently obtaining naturalization and thereafter in using the fraudulently obtained naturalization certificate to fraudulently procure his passport. According to Li, the judicial notice of the government official's guilty plea violated his rights guaranteed by the Confrontation Clause of the Sixth Amendment. Here, the district court did not err when it took judicial notice of the guilty plea because the taking of such notice did not result in the admission of a testimonial statement that would bring into play Li's rights guaranteed by the Confrontation Clause. See Crawford v. Washington, 541 U.S. 36, 53-54 (2004) (holding that the Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination"); cf. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1240 (4th Cir. 1989) ("We hold that these guilty pleas are

'not subject to reasonable dispute,' and that these records are properly subject to judicial notice pursuant to Fed. R. Evid. 201(b)(2)."). In any event, any error in the admission of the corrupt government official's guilty plea was harmless beyond a reasonable doubt because (1) the jury was informed of the guilty plea through other sources, and (2) the judicial notice of the guilty plea helped, rather than hurt, Li, as it buttressed Li's defense that he lacked the requisite knowledge and intent to be convicted. See United States v. Banks, 482 F.3d 733, 741 (4th Cir. 2007) (recognizing that a Confrontation Clause violation may be found on appeal to be a harmless error).

Second, Li asserts that the district court erred when it refused to instruct the jury on the defenses of entrapment by estoppel and good faith. In a related argument, Li asserts that the district court prevented him from presenting a public authority defense. The decision to give or not to give a jury instruction is reviewed for an abuse of discretion. United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992). We review jury instructions to determine whether, taken as a whole, the instructions fairly state the controlling law. United States v. Cobb, 905 F.2d 784, 789 (4th Cir. 1990). A "defendant's right to present a defense is not absolute: criminal defendants do not have a right to present evidence that the district court, in its discretion, deems

irrelevant or immaterial." United States v. Prince-Oyibo, 320 F.3d 494, 501 (4th Cir. 2003).

In this case, there was no abuse of discretion. With regard to Li's public authority defense, a public authority defense was not warranted because there was no evidence that the corrupt government official who issued Li's fraudulent naturalization documents had the actual authority to do so. See United States v. Fulcher, 250 F.3d 244, (4th Cir. 2001) (noting that the defense of public authority requires reasonable reliance upon the actual, as opposed to the apparent, authority of a government official to engage the defendant in a covert activity). With regard to Li's request for an entrapment by estoppel instruction, such an instruction was not warranted because there was no evidence that a corrupt government official affirmatively assured Li that his conduct was lawful and that he engaged in that activity with reasonable reliance on those assurances. See United States v. Aquino-Chacon, 109 F.3d 936, 938-39 (4th Cir. 1997) (holding that a defendant may raise the defense of entrapment by estoppel "when the government affirmatively assures him that certain conduct is lawful, the defendant thereafter engages in the conduct in reasonable reliance on those assurances, and a criminal prosecution based upon the conduct ensues," but the defendant "must demonstrate that there was 'active misleading' in the sense that the government actually told him that the proscribed conduct was permissible").

- 4 -

With regard to Li's request for a good faith instruction, we find no abuse of discretion, given that the district court properly instructed the jury on the knowledge elements of the offenses. See United States v. Fowler, 932 F.2d 306, 317 (4th Cir. 1991) (refusing to require separate good faith instruction when instruction on specific intent adequate).

Third, Li asserts that the evidence in the record is insufficient to support his convictions. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (citation and internal quotation marks omitted). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and

assume that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). We have carefully reviewed the record and conclude that the evidence in the record is sufficient to support the jury's verdicts. See United States v. Suarez-Rosario, 237 F.3d 1164, 1167 (9th Cir. 2001) ("[U]under the terms of 18 U.S.C. § 1542, the government must prove that the defendant made a willful and knowing false statement in an application for a passport or made a willful and knowing use of a passport secured by a false statement."); United States v. Ellis, 121 F.3d 908, 922 (4th Cir. 1997) (holding that, in order to prove that a defendant was involved in a conspiracy in violation of 18 U.S.C. § 371, the government must prove there was an agreement between two or more people to commit a crime and an overt act in furtherance of the conspiracy); Burgos, 94 F.3d at 873 ("A defendant is guilty of aiding and abetting if he has knowingly associated himself with and participated in the criminal venture.") (citation and internal quotation marks omitted); United States v. Moses, 94 F.3d 182, 184 (5th Cir. 1996) (holding that, to prove a § 1425(b) offense, the government must show beyond a reasonable doubt that "(1) the defendant . . . obtained . . . naturalization or citizenship; (2) the defendant is not entitled naturalization or citizenship; and (3) the defendant knows that he or she is not entitled to naturalization or citizenship").

Finally, Li argues that the district court erred when it revoked his citizenship under 8 U.S.C. § 1451(e) as a result of his conviction for violating 18 U.S.C. § 1425(b). According to Li, the government cannot "arbitrarily sever its relationship with the people who remain sovereign." Appellant's Br. at 8. Because we find his § 1425(b) conviction to be valid, Li's argument fails. A district court entering the criminal judgment convicting a person for a violation of § 1425 "<u>shall</u> thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled." 8 U.S.C. § 1451(e) (emphasis added); <u>see also</u> <u>United States v. Moses</u>, 94 F.3d 182, 188 (5th Cir. 1996) (holding that the language of § 1451(e) is mandatory).

For the reasons stated herein, the judgment of the district court is affirmed.

<u>AFFIRMED</u>