**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4094**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

LUIS ALONZO HERNANDEZ, a/k/a Jose Mario Ortiz,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:07-cr-00310-GBL-1)

———————

Submitted:  June 17, 2008            Decided:  July 14, 2008

———————

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Lance D. Gardner, LAWRENCE, SMITH & GARDNER, Fairfax, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Tino Lisella, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Alonzo Hernandez appeals his jury conviction and thirty-three month sentence for reentering the United States after being deported for committing an aggravated felony, in violation of 8 U.S.C. § 1326 (2000).  Hernandez claims the district court erred when it granted the Government's motion in limine, preventing him from asserting an entrapment by estoppel defense at trial.  Finding no error, we affirm.

A criminal defendant may assert an entrapment by estoppel defense when the government affirmatively assures him that certain conduct is lawful, the defendant thereafter engages in the conduct in reasonable reliance on those assurances, and a criminal prosecution based upon the conduct ensues.  See Raley v. Ohio, 360 U.S. 423, 438-39 (1959).  To be able to assert the defense, however, a defendant has to show more than "vague or even contradictory" statements by the government; "he must demonstrate that there was 'active misleading' in the sense that the government actually told him that the proscribed conduct was permissible." United States v. Aquino-Chacon, 109 F.3d 936, 939 (4th Cir. 1997). (internal citation omitted).  Because Hernandez's evidence failed to establish he was entitled to assert the entrapment by estoppel defense, we find that the district court properly granted the Government's motion in limine.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED