**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5195**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICTOR DOMINGO AMASHTA ABUSADA, a/k/a Joe Leonard Melvin,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:08-cr-00112-RJC-1)

Submitted:  September 28, 2009          Decided:  October 9, 2009

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William R. Terpening, ANDERSON TERPENING, PLLC, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Domingo Amashta Abusada pled guilty pursuant to a plea agreement to falsely representing himself to be a United States citizen (Count 2), in violation of 18 U.S.C. § 911 (2006), and reentering the United States after having been deported as an aggravated felon (Count 4), in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced Abusada to thirty-six months on Count 2, the statutory maximum sentence, and a concurrent thirty-seven-month term of imprisonment on Count 4, a sentence at the bottom of the advisory guidelines range for that count. On appeal, Abusada's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal but questioning whether the district court erred by enhancing Abusada's offense level by sixteen levels and whether the sentence is reasonable. Abusada was informed of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

Abusada's counsel contends that the district court erred in applying a sixteen-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2007), where Abusada initially received authorization to reenter the United States after his deportation. Abusada concedes, however, that

2

such authorization had expired by the time he was arrested and charged with illegal reentry of a removed alien in 2008.

Counsel also suggests that, if Abusada reentered illegally, he should have received only a two-year sentence based upon a 1990 letter from the United States Department of Justice. Section 1326 provides a two-year maximum sentence for any alien who illegally enters the United States after having been deported. 8 U.S.C. § 1326(a). If the alien's removal was subsequent to a conviction for an aggravated felony, the statutory maximum increases to twenty years. Id. § 1326(b)(2). Even if Abusada initially was permitted to reenter the United States, he conceded that his reentry in 2008 after his deportation as an aggravated felon was not authorized, thereby subjecting him to the twenty-year statutory maximum sentence. In addition, although Abusada contends that his sentence should be capped at two years, we have rejected a similar claim. See United States v. Aquino-Chacon, 109 F.3d 936, 939 n.2 (4th Cir. 1997) (collecting cases rejecting due process and equitable estoppel claims based upon erroneous information provided by government).

Abusada also challenges the reasonableness of his sentence. We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007). This review requires

3

appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. In determining whether a sentence is procedurally reasonable, this court must first assess whether the district court properly calculated the defendant's advisory guidelines range. Id. at 596-97. This court then must consider whether the district court considered the factors in 18 U.S.C. § 3553(a) (2006), analyzed the arguments presented by the parties, and made "an individualized assessment based on the facts presented." Gall, 128 S. Ct. at 597; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, we review the substantive reasonableness of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Our review of the record leads us to conclude that the district court properly calculated Abusada's guidelines range. The court also properly considered the advisory guidelines range and the § 3553(a) factors and related those factors to the circumstances of Abusada's case. Thus, we find no procedural error in Abusada's sentence.

Turning to the substantive reasonableness of the sentence, Abusada contends that his thirty-seven-month sentence is excessive. However, we presume that a sentence imposed within the properly calculated guidelines range is reasonable. Rita v. United States, 551 U.S. 338, 347 (2007); United

4

States v. Smith, 566 F.3d 410, 414 (4th Cir. 2009).  Applying the presumption of reasonableness to Abusada's within-guidelines sentence, we find that the district court did not abuse its discretion in sentencing Abusada.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED